Kerstin Arusha, Bar # 182624
Annette Kirkham, Bar # 217958
**LFSV FAIR HOUISNG LAW PROJECT**
Alison Brunner, Bar # 180979
Whitney B. Huston, Bar # 234863
**LFSV AIDS LEGAL SERVICES**
111 W. St. John, Suite 315
San Jose, CA  95113
Telephone: (408) 280-2410
Fax: (408) 293-0106

*E-FILED 9/21/05*

Attorneys for Plaintiffs Barbara and Richard Wood

D. Scott Chang, Bar # 146403
**RELMAN & ASSOCIATES LLC**
1225 19th Street NW, Suite 600
Washington DC 20036
Telephone: (202) 728-1888
Facsimile: (202) 728-0848

Attorney for Plaintiff Project Sentinel

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

## (San Jose)

| | |
|---|---|
| BARBARA WOOD, et al., | Case No. C04-04320 RS |
| Plaintiffs, | |
| v. | **CONSENT DECREE** |
| HELPING HANDS SANCTUARY OF IDAHO, INC. et al., | |
| Defendants. | |

This action was brought by Plaintiff Barbara Wood, as representative of the estate of decedent Edna Murillo as well as an individual Plaintiff, Richard Wood, and Project Sentinel, a California not-for-profit organization, against Defendants, Helping Hands Sanctuary of Idaho, Inc., Oak Meadows Extended Care Center ("Oak Meadows"), Terreno Gardens Extended Care ("Terreno Gardens"), Maria Maier and Allison Scott.  Plaintiffs' alleged, *inter*

1

*alia*, that Defendants violated the federal Fair Housing Amendments Act, California's Fair Employment and Housing Act, Section 504 of the Rehabilitation Act of 1973, the Americans with Disabilities Act, and California's Unruh Civil Rights Act, by engaging in discriminatory housing practices based on disability or handicap. Defendants deny the allegations asserted by Plaintiffs in this action and deny any liability or wrongdoing on their part.

Because the parties desire to avoid further litigation, at a mediation attended by the parties on July 8, 2005, the parties agreed to resolve all outstanding claims by consenting to the terms of this Consent Decree. This Consent Decree shall not constitute any admission of liability or wrongdoing by Defendants. This Consent Decrees constitutes a final judgment binding on all parties in this action.

Plaintiffs and Defendants have consented to the entry of this Consent Decree. The Court will retain jurisdiction to enforce the terms of the Consent Decree.

It is hereby ordered, adjudged and decreed that:

1. Defendants shall make the payment of $52,500 to the "Attorney-Client Trust Account of the Law Foundation of Silicon Valley." This payment is inclusive of and represents all monetary payments to be made by Defendants to Plaintiffs, including attorneys' fees and costs. The payment schedule is as follows:

   A. An initial payment of $10,000 will be paid within 15 days of the execution of this Consent Decree.

   B. Monthly payments of $7,083.33 will be paid in installments, with the total amount of the settlement to be paid in full within 7 months of the execution of this Consent Decree. Defendants have a 10-day grace period on each payment.

2. In addition, Defendants have agreed to other terms of injunctive relief. The injunctive terms of the agreement will be in place for three years, starting with the date of the entry of the Consent Decree. The injunctive terms of the agreement will expire three years

from the date of entry of the consent decree.  Specifically, Defendants will do the following things:

    A.    Defendants will adopt a written policy to be included in their admission materials, to be distributed to all current residents, future residents and future applicants that indicates clearly that persons with HIV disease and AIDS will not be discriminated against by Oak Meadows and Terreno Gardens.

    B.    Defendants will post fair housing posters on the premises in a conspicuous place at Oak Meadows and Terreno Gardens.

    C.    Defendants will provide training for their employees who are involved in the admissions process, who may be called to meet with potential residents or family members inquiring about resident admission, and employees who may provide care for residents.  Defendants will have full discretion in selecting the appropriate employees for the appropriate training, but the employees to be trained will, at least, include the Administrator, Directors of Nursing, Admission Coordinators, Social Services personnel, Nurse Manager and Charge Nurses.  The trainings to be conducted are as follows:

        i.    Terreno Gardens and Oak Meadows employees, as described above in this section, will attend trainings on caring for persons with HIV and AIDS by a health care provider to occur within 60 days of settlement. Defendants Terreno Gardens and Oak Meadows employees also agree that all new employees, as described in the above section, will attend a training within 30 days of being hired by Defendants.

        ii.    Terreno Gardens and Oak Meadows employees, as described above in this section, will attend a fair housing training presented by Project Sentinel at their cost.  The first training will occur within 60 days of the entry of the consent decree, the second will occur within two years after the entry of the Consent Decree and the third will occur within three years after the entry of the Consent Decree.  The terms and

3

location of the training will be resolved between Plaintiff Project Sentinel and Defendants.

D. Defendants agree not to discriminate on the basis of HIV or AIDS.

E. Project Sentinel will monitor Defendants through testing five times within the next three years. Defendants will pay $500 per test to Project Sentinel for this monitoring and will be informed of the results. Any perceived violation will be discussed and resolved informally, and, if necessary, may be enforced through the consent decree.

F. Defendants, within a reasonable period of time, will notify the Law Foundation of Silicon Valley of any complaints, allegations, or lawsuits regarding violation of the fair housing or HIV/AIDS discrimination laws during the three years following the signing of the Consent Decree. Plaintiffs and the Law Foundation of Silicon Valley agree that they will not publicize any such complaints, allegations or lawsuits, will not disseminate this information and will not use such information to solicit clients or aid any complainants in their grievance against Defendants. The agreement to notify the Law Foundation of Silicon Valley is solely for the purpose of fostering on-going compliance with this Consent Decree. Any violation will be discussed and resolved informally, and, if necessary, may be enforced through the consent decree.

G. Plaintiffs agree to disclose information about this matter only under the following conditions:

   i. Plaintiff Project Sentinel and the Law Foundation of Silicon Valley may provide a brief description of the case, including the case name and amount and terms of settlement for funding purposes and for use as comparables in future cases.

   ii. For purposes of training and education, including the Law Foundation of Silicon Valley's website, Plaintiffs may provide a

4

       longer description of the case which will not identify Defendants, the case name or number, or any other specific identifying information.

     iii. Plaintiffs will share information, as necessary, for trainings and with other fair housing organizations.  In addition, as Plaintiff Project Sentinel provides training to organizations and businesses, if Project Sentinel uses the facts of this action during such a training, any reference to this action will not identify any of the Defendants by name or disclose any identifying information.

3. Plaintiffs warrant that they have no other claims against Defendants and desire to release Defendants from all claims arising out of and related to the allegations in their action short title, Wood, et al. v. Helping Hands Sanctuary of Idaho, et al. (USDC Case No. C04-04320 RS).

  A. Plaintiffs warrant and represent that they have considered the possibility of claims arising in the future in relation to the denial of admission of Edna Murillo to Oak Meadow and Terreno Gardens in January 2003 and the alleged denials through Project Sentinel testing in 2003, and have considered the possibility of claims arising in the future from these incidents that are unknown or unsuspected by them at this time.  Plaintiffs intend to release and forever discharge Defendants and their assigns and successors in interest from all claims they may have that are unknown or unsuspected by them.

  B. Plaintiffs understand and for valuable consideration hereby expressly waive and relinquish all of the rights and benefits of section 1542 of the California Civil Code which section reads as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN [THEIR] FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IS KNOWN BY [THEM] MUST HAVE MATERIALLY AFFECTED [THEIR] SETTLEMENT WITH THE DEBTOR.

5

Wood, et al. v. Helping Hands Sanctuary of Idaho, et al. – Case No. C04 04320
CONSENT DECREE

|   |   |   |
|---|---|---|
| 1 | | Plaintiffs each expressly declare and represent that they read this Paragraph 3(B), fully understand the effect this waiver of the rights and benefits of Civil code section 1542, and knowingly, freely and voluntarily waive and relinquish such rights and benefits.  To the extent permitted by applicable law, the release and waiver set forth above is valid and binding whether the claims and rights release and waived arise under any federal, state or local statute, regulation or ordinance, under the common law or in equity or under any policy, agreement, understanding, or promise, written or oral, formal or informal. |
| | C. | Plaintiffs agree that this Consent Decree is made specifically in exchange for release of any and all legal claims in this action, as well as any and all legal claims Plaintiffs have, may have had, or will have against all of the Defendants and their respective related entities, including but not limited to any claims in any way connected with any transactions, occurrences, acts, omissions, loss damage or injury whatsoever resulting from any act committed or omission made prior to the date of this Consent Decree. |

4. This Order shall be in effect for a period of three years from the date of entry of the Consent Decree.  This action is to be dismissed with prejudice as to all Defendants, however, the Court will retain jurisdiction to enforce the terms of the Consent Decree.

5. The parties agree to attempt to work out in good faith any disputes that arise under the terms of this Consent Decree.  Only after good faith mediation attempts have been exhausted will the parties request the assistance of the Court in resolving the dispute.

It is so ordered.

Dated: 9/21/05                              /s/ Richard Seeborg

                                                                      Honorable Richard Seeborg
                                                                      United States Magistrate Judge

<u>Wood, et al. v. Helping Hands Sanctuary of Idaho, et al.</u> – Case No. C04 04320
CONSENT DECREE

1 | Approved as to content and form:

2 | Dated:    September 21, 2005              **AIDS LEGAL SERVICES**

/s/_____
Whitney Huston
Attorney for Plaintiffs Barbara and
Richard Wood

**RELMAN & ASSOCIATES**

/s/_____
D. Scott Chang
Attorney for Plaintiff Project Sentinel

**LEWIS BRISBOIS BISGAARD & SMITH**

/s/_____
Rhea Mariano
Attorney for Defendants

Wood, et al. v. Helping Hands Sanctuary of Idaho, et al. – Case No. C04 04320
CONSENT DECREE